UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STATE OF MINNESOTA, by and through its Attorney Keith Ellison, | Case No. 23-CV-3321 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| EVAN AZURE, in his official capacity as CEO of Island Mountain Development Group, and | |
| WILLIAM BELL, in his official capacity as Chairman of Island Mountain Development Group, | |
| Defendants. | |

---

The State of Minnesota brought this action for permanent injunctive relief against defendants ("Tribal Officials"), alleging they were operating online lending businesses in violation of state and federal law.  ECF No. 1.  This matter is before the Court on the parties' joint motion to approve the Settlement Agreement and Enter a Consent Order.  ECF No. 42.  Defendants deny liability or that they are subject to Minnesota law but have voluntarily agreed to enter into the Settlement Agreement, ECF No. 43, and the related requirements of this Consent Order.  Because the Settlement Agreement between the two sovereigns fairly and reasonably resolves the controversy in a manner consistent with the public interest, the Court grants the motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The parties' joint motion to approve the Settlement Agreement and enter a consent order [ECF No. 42] is GRANTED as follows:

    a. The Court shall retain jurisdiction over this action and over the parties for the purposes of modifying and enforcing the terms of this Order and the Settlement Agreement.

    b. This Order may be amended by stipulation or for good cause shown.

    c. The Tribal Officials, in their official capacity on behalf of Island Mountain Development Group, a wholly owned and operated arm of the Fort Belknap Indian Community, agree to cease engaging in the business of marketing, advertising, and making loans from the Tribal Lending Entities—or any other entity owned or operated by the Island Mountain Group or the Fort Belknap Indian Community—to consumers that identify themselves as a Minnesota resident during the loan application process and complete the loan transaction while physically located in Minnesota. The Tribal Lending Entities (or any other lending business operated by the

Tribal Officials) shall state on their websites and all other marketing or advertising related to their lending business that their loans are not available to consumers located in Minnesota. This paragraph shall not apply if the Tribal Officials comply with Minnesota law as provided in paragraph 1.c.i below. To ensure compliance with this paragraph, the Tribal Officials shall continue to require borrowers to identify their address and state of residency when they complete a loan application.

i. Alternative to paragraph 1.c, the Tribal Lending Entities (or any other lending business operated by the Tribal Officials) may engage in the business of making loans to consumers located in Minnesota if they comply with Minnesota consumer-lending laws concerning such loans, including Minn. Stat. ch. 334, Minn. Stat. ch. 56, and Minn. Stat. §§ 47.60 and 47.601. The Tribal Officials shall provide the Attorney General with notice 120 days before recommencing the business of making loans to consumers located in Minnesota under this paragraph.

  d.  For any loans originated to consumers located in Minnesota by the Tribal Lending Entities prior to the date of the Settlement Agreement, the Tribal Lending Entities shall modify such loans to prevent and avoid the charging or collection of any interest charged or accrued after origination of the loan. The Tribal Officials shall be enjoined from demanding or collecting payments on such loans except to recover the original principal balance of the loan and all past and future payments must be applied towards the original principal balance. Within 45 days of this Order, the Tribal Officials shall certify compliance with this paragraph to the Attorney General's undersigned counsel by providing the Attorney General a sortable spreadsheet identifying all loans subject to this paragraph and including at least the following information: (a) the borrower's full name, last-known address, phone number, and email address and (b) the loan's original principal balance, original interest rate, the loan's status, and total amount collected up to the date that the spreadsheet is produced.

  e. Tribal Officials agree that they shall not sell, assign, transfer, or otherwise dispose of any loans subject to paragraph 1.d or receivables or other interests related to such loans.

  f. The Tribal Officials shall not change the corporate form of doing business, organizational identity, organization structure, or management composition of the Island Mountain Development Group and its managed corporations as a method or means of attempting to avoid the requirements of this Order.

  g. Within 30 days of this Order, the Tribal Officials shall provide actual notice of the Settlement Agreement to all owners, contractors, investors, managers, directors, officers, agents, servants, employees, and attorneys of the IMDG.

  h. To monitor and confirm compliance with the Settlement Agreement, the Tribal Officials agree to comply with the Attorney General's reasonable requests for information.

2. The agreed-to terms reflected in paragraph 1.a through 1.h of this Order are binding on the Tribal Officials in their official capacity, all successors in their official capacity, and their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them who receive actual notice of the above agreed to terms. The

>    Tribal Officials understand and acknowledge that a violation of the above agreed-to terms may subject them to sanctions for contempt and that the Attorney General may, in his discretion, initiate legal proceedings against the Tribal Officials for any and all violations of the above agreed to terms.

3. The complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 27, 2024        s/Patrick J. Schiltz
                                Patrick J. Schiltz, Chief Judge
                                United States District Court