UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, | Case No. 23-cv-3321 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Evan Azure et al., | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Joint Motion") (ECF No. 38). The parties' Joint Motion addresses documents filed under temporary seal by the State in support of its Motion for Temporary Injunction (ECF No. 22) and in opposition to Defendants' Motion to Dismiss (ECF No. 13). The parties settled this matter and the District Judge dismissed it without issuing a decision on either of these motions (*see* ECF No. 46). The parties agree that all the documents addressed by the Joint Motion should remain sealed. The Court largely agrees with the parties, with two exceptions: ECF Nos. 26-6 and 26-7 appear to be corporate records for which sealing is unwarranted.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's

1

need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, this presumption of the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Although neither of the documents at issue played a part in the exercise of Article III power, the Court finds no countervailing reason for sealing them. ECF No. 26-6 is a corporate charter of Fort Belknap Planning and Development Corporation ("FBPDC"), issued by the Fort Belknap Community Council ("FBCC"), a governing body of the Fort Belknap Indian Community located within the borders of Montana. The parties seek continued sealing of this document because

Defendants' debt collector marked it "confidential and trade secret" (ECF No. 28 at 2). But a party or non-party's mere designation of a document as "confidential and trade secret" does not necessarily make it so. Corporate charters are typically public documents filed with a secretary of state or other governmental agency, and there is no suggestion in the record that this particular corporate charter is uniquely intended to be a confidential document. Without more, the Court finds no basis for continued sealing.

ECF No. 26-7 is a resolution of the Planning and Development Corporation ("PDC") of the Fort Belknap Indian Community adopting the Island Mountain Development Group ("IMDG") for all transactions of business pursuant to its corporate bylaws. The parties again argue that this document should be sealed because Defendants' debt collector marked it "confidential and trade secret" (ECF No. 28 at 2). But the debt collector's marking is not alone sufficient to render this document "confidential" or a "trade secret" if in fact this document is available to a large group of people. PDC is a creation of the FBCC, a governing body of the Fort Belknap Indian Community, and IMDG is a wholly owned and operated arm of the Fort Belknap Indian Community (*see* ECF No. 46 at 2). The parties offer no information from which the Court can conclude this resolution is confidential. Without more, the Court finds no justification for continuing to seal it.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The parties' Joint Motion Regarding Continued Sealing (ECF No. [38]) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Clerk of the Court is directed to **UNSEAL** the following documents 28 days after the date of this Order, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3):

- ECF No. 26-6
- ECF No. 26-7; and

3. The Clerk of the Court is directed to keep the following documents **under seal**:

- ECF No. 26
- ECF No. 26-1
- ECF No. 26-2
- ECF No. 26-3
- ECF No. 26-4
- ECF No. 26-5
- ECF No. 26-8.

Dated: April 9, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge